**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:07C346-3-MU
(3:96cr10-B)[1]**

| | |
|---|---|
| WILLIAM HENRY COLEMAN, ) | |
| ) | |
| ) | |
| Petitioner, ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATED OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** comes before the Court upon the Petitioner's "Writ of Audita Querela" filed August 17, 2007.

On March 26, 1996, Petitioner was convicted by a jury of unlawful possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). On January 23, 1997 the Court found that Petitioner was an armed career criminal pursuant to 18 U.S.C. § 924(e) and sentenced Petitioner to a 210-month term of imprisonment. Petitioner appealed his conviction to the Fourth Circuit Court of Appeals, raising numerous claims, including an allegation that the Court erroneously applied the armed career criminal statute. On March 18, 1999, the Fourth Circuit rejected all of Petitioner's claims and affirmed his conviction and sentence. United States v. Coleman, 175 F.3d 1016 (4th Cir. Mar. 18, 1999) (per curiam). Petitioner's subsequent writ of certiorari was denied by the Supreme Court on October 18, 1999.

On January 26, 2000, Petitioner filed a Motion to Vacate, Set Aside or Correct Sentence

---

[1] The Honorable Terrence W. Boyle presided over the trial in this case.

1

pursuant to 28 U.S.C. §2255. On June 28, 2001, Judge Boyle granted summary judgment for the Government and dismissed Petitioner's motion. On January 28, 2002, the Fourth Circuit denied Petitioner's request for a certificate of appealability. Three months later, Petitioner filed a motion in the Fourth Circuit for permission to file a successive habeas petition. The Fourth Circuit denied Petitioner motion on March 15, 2005.[2]

On August 5, 2005 Petitioner filed a Motion for Relief from Judgment followed by a Notice of Supplemental Authority on August 24, 2005 and a Motion to Expedite Rule on November 14, 2005. Petitioner argued that the Fourth Circuit improperly upheld his sentence enhancement as an armed career criminal pursuant to 18 U.S.C. § 924(e) claiming that one of the three predicate offenses for his armed career offender status was an offense for which his civil rights had been restored and therefore could not be used in imposing the sentence enhancement. Defendant also alleged prosecutorial misconduct during the direct appeal to the Fourth Circuit claiming that the prosecutor improperly argued to the Fourth Circuit that he possessed a gun at the time of a 1993 arrest, as a means of bolstering the trial court's decision to sentence him as a armed career criminal. Petitioner argued that such argument was improper because the prosecutor never presented evidence of his firearm possession during proceedings in the trial court. Judge Boyle concluded that Petition's motion was a successive petition which he was without jurisdiction to entertain without authorization from the Fourth Circuit Court of Appeals.

Petitioner then again sought permission from the Fourth Circuit to file a successive habeas petition. On April 20, 2006, the Fourth Circuit once again denied Petitioner permission to file a

---

[2] The Fourth Circuit Court of Appeals denied Petitioner's second motion for permission to file a successive petition on April 20, 2006.

successive petition.

Petitioner filed the instant Writ of Audita Querela on August 17, 2007 arguing that relief is not available under 28 U.S.C. §§ 2255 or 2241. Petitioner also argues that he should have been afforded relief pursuant to his 2255 motion filed January 30, 1997 "if the ruling would have been render[ed] fairly and legally." Petitioner is challenging the use of one of his prior convictions for purposes of armed career criminal status. Specifically, Petitioner asserts that the Government never established the existence of any useable prior state convictions at his sentencing, "but the sentencing court continued with sentencing when the facts are petitioner was innocence (sic) of the ACC enhancement." (Motion at 7.) Petitioner also contends that during the direct review process, the Government improperly argued that Petitioner possessed a gun at the time of his 1993 arrest as a means of bolstering Judge Boyle's decision to sentence Petitioner as an armed career criminal. Petitioner contends that such argument was improper because the prosecutor never presented evidence that Petitioner possessed a firearm in the district court.

Petitioner's arguments are essentially the very same arguments that he presented in his Motion for Relief from Judgment on August 5, 2005 which this Court denied as a successive petition.

At common law, the writ of audita querela permitted a judgment debtor to obtain equitable relief form a legal judgment because of some defense or discharge arising after the entry of the judgment. 7 Am Jur. 2d Audita Querela § 1 (1997). Such writ has been expressly abolished in civil cases by the Rules of Civil Procedure. See Fed. R. Civ. P. 60(b). However, the writ potentially survives in the federal criminal context under the Supreme Court's decision in United States v. Morgan, 346 U.S. 502 (1954) and the All Writs Act. See Doe v. INS, 120 F.3d 200, 203 (9th Cir.

1997); 28 U.S.C. § 1651(a). Cases interpreting Morgan have held that audita querela is not available to challenge a conviction or sentence when the prisoner's contentions could otherwise be raised in a motion pursuant to § 2255. United States v. Banda, 1 F.3d 354 (5th Cir. 1993); United States v. Kimberlin, 675 F.2d 866, 869 (7th Cir. 1982); United States v. Valdez-Pacheco, 237 F.3d 1077 (2001).

Petitioner raised several arguments concerning his underlying convictions for armed career criminal status on direct appeal. He then filed a § 2255 motion rasing claims regarding the convictions supporting his armed career criminal status. Petitioner twice asked for permission to file successive habeas petitioner, both of which were denied. The fact that § 2255 relief is now unavailable to Petitioner because of the Antiterrorism and Effective Death Penalty Act's limitation of the right to file a second or successive petition, does not make § 2255 unavailable to him for purposes of being permitted to file a writ of audita querela. See United States v. Valdez-Pacheco, 237 F.3d 1077, 1080 (9th Cir. 2001) (we reject Valdez's contention that audita querela is available to his case due to the fact that he is precluded from raising his claims in a § 2255 motion by those provisions of the AEDPA that limit the rights of a prisoner to file a second or successive motion.)

Petitioner has availed himself of the post conviction collateral review process by way of a motion to vacate pursuant to 28 U.S.C. § 2255, which was denied. Therefore he has not established that § 2255 is unavailable him and his Writ of Audita Querela is denied. To the extent that Petitioner's motion can be construed as a successive § 2255 petition, this Court is without jurisdiction to entertain a second or successive habeas petition[3] without authorization from the Fourth

---

[3] Petitioner continues to argue the propriety of a sentence enhancement, which has been previously argued and decided on direct appeal and in prior collateral proceedings in this Court.

Circuit Court of Appeals.  See 28 U.S.C. § 2244(b).

**THEREFORE, IT IS HEREBY ORDERED** that Petitioner's Writ of Audita Querela is **DENIED**.

**SO ORDERED.**

Signed: December 10, 2007

Graham C. Mullen
United States District Judge