**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:07C346-3-MU
(3:96cr10-B)[1]**

| | | |
|---|---|---|
| WILLIAM HENRY COLEMAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATED OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**THIS MATTER** comes before the Court upon the Petitioner's "Request for Bail Under Rule 46(a)(2) filed January 2, 2008 (Doc. No. 7.)

By Order dated December 10, 2007, this Court denied Petitioner's Motion for Writ of Audita Querela. (Doc. No. 4.) By Order dated January 2, 2008 this Court denied Petitioner's Motion for Reconsideration (Doc. No. 8.). By the instant motion, petitioner asks the Court to authorize bail pending his appeal of the denial of his Writ of Audita Querela.

Petitioner makes his motion pursuant to "Federal Rules of Procedure 46(a)(2)." However, the Court notes that Rule 46 of the Federal Rules of Civil Procedure governs "Exceptions" and Rule 46 of the Rules of Appellate Procedure Governs "Attorney Admissions." Rule 46 of the Rules of Criminal Procedure governs release from custody in criminal cases. Petitioner's criminal case has been resolved and Petitioner collateral attack of his criminal case is a civil case which is not governed by the Rules of Criminal Procedure. Therefore, the Court is not clear as to what authority

---

[1] The Honorable Terrence W. Boyle presided over the trial in this case.

1

Petitioner is citing. However, Federal Rule of Appellate Procedure 23 governs the issue of release of a state or federal prisoner who is collaterally attacking his criminal conviction. In the habeas context, release pending appeal is reserved for "extraordinary cases involving special circumstances or a high probability of success." Land v. Deeds, 878 F.2d 318 (9th Cir. 1989). A prisoner seeking release from custody under Rule 23 must demonstrate "not only a substantial claim of law based on the facts surrounding the petition but also the existence of 'some circumstance making [the motion for bail] exceptional and deserving of special treatment in the interests of justice.'" Dotson v. Clark, 900 F.2d 77, 79 (6th Cir. 1990) (quoting Aronson v. May, 85 S. Ct 3, 5 (1964)); see also, U.S. V. Perkins, 53 Fed. Appx. 667 (4th Cir. 2002). Showing that there is a substantial question is not enough. Glynn v. Donnelly, 470 F.2d 95, 98 (1st Cir. 1972). The test is the same for a case in which the district court has already reviewed and rejected petitioner's habeas petition. U.S. v. Mett, 41 F.3d 1281 (9th Cir. 1994).

The Petitioner's case has a long history in this case as well as in the Fourth Circuit Court of Appeals. Petitioner was convicted in 1996 and his conviction was affirmed by the Fourth Circuit Court of Appeals in 1999. In 2000, Petitioner's Motion to Vacate was denied. In January 2002 the Fourth Circuit denied Petitioner's request for a certificate of appealability. Petitioner has twice requested and been denied permission to file a second or successive habeas petition. In December 2007, this Court denied Petition writ of audita querela and his subsequent motion for reconsideration in January 2008.

Mr. Coleman he makes no attempt to argue any special or extraordinary circumstances and has not satisfied the high standard governing motions for release pending appeal. Therefore, Petitioner's Motion for Bail is denied.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the Petitioner's Motion for Bail is **DENIED** (Document No. 11.)

**SO ORDERED.**

Signed: January 4, 2008

Graham C. Mullen
United States District Judge